## PETERSON et al. v. GRAND LODGE, KNIGHTS OF PYTHIAS OF THE STATE OF LOUISIANA.*

### No. 14640.

Court of Appeal of Louisiana. Orleans.
Dec. 11, 1933.

Frank B. Smith, of New Orleans, for appellant.

Howard W. Lenfant, of New Orleans, for appellees.

JANVIER, Judge.

Petitioners, daughters of Charles Peterson, Sr., were named joint beneficiaries in a policy of insurance issued on the life of the said Peterson by defendant, a fraternal benefit society. At the death of Peterson, the society refused to pay the proceeds of the policy, $500, to the beneficiaries, asserting that, because of default in the payment of premiums, the assured was under suspension at the time of his death, and that, consequently, there could be no recovery under the policy.

Plaintiffs deny that there had been such default in the payment of premiums as would justify a suspension of Peterson and declare that the amounts due had been regularly paid and accepted by the proper officer of the society.

There was judgment for plaintiffs as prayed for, and defendant has appealed.

Peterson joined the society and obtained his policy in 1892. He died on February 2, 1932, nearly forty years after the issuance of the policy. It is conceded that up to and including November 1, 1931, there had been no suspension, but defendant seeks to prove that the default occurred and became effective as a suspension on December 31, 1931, because, at that time, back premiums amounting to $4.50 had not been paid.

For proof of the nonpayment of this amount and as evidence of the suspension defendant relies upon a document termed "endowment report," which is said to have been sent on December 1, 1931, by the local lodge of which Peterson was a member to the Grand Lodge, which Grand Lodge is the defendant in this case. This report shows Peterson as being under suspension on December 1st.

This report is said to have been based on a memorandum signed by the master of finances of the local lodge, one John Smith, which memorandum shows an indebtedness of $4.50 to be due by Peterson.

John Smith, the master of finances, did not testify, though he appears to have been the officer whose duty it is to make collection of dues. Therefore the entire proof of default rests upon the fact that a memorandum was made by him to the effect that Peterson's dues had not been paid, and that, based on this most informal document, a formal report was issued to the Grand Lodge showing Peterson to be under suspension. No direct evidence was given concerning the nonpayment of dues nor is it shown that notice of the suspension was sent to Peterson.

On the other hand is found the testimony of one of the daughters to the effect that all payments up to and including those for December, 1931, had been made, and that she (herself) on many occasions took the money to the "Secretary" of the local lodge. The person whom she designated as secretary is the same John Smith who is shown to have been the master of finances, and who is shown to be the person to whom payments should be made.

In corroboration of this testimony, plaintiffs produced a receipt book in which appear the entry of certain payments for the month of December, 1931, which payments defendant contends were not made.

On the last page of this book appears a note reading:
"Feb. 2 1932
"75¢ J. S."

We note that J. S. are the initials of John Smith, the master of finances. This entry is not explained by defendant, and, in the absence of an explanation, we accept the interpretation placed upon it by the district court and by counsel for plaintiffs, which is that all payments had been made, and that another payment would not be due until February 2, 1932.

After looking at the book, the district judge made the following remark in the form of a question: "This book shows payments up to the time of the death?" Apparently he believed that it did show such payments, but asked if that was the interpretation to be placed on the entry which he saw.

Smith was the master of finances. He

*Rehearing denied January 2, 1934.

could have given direct positive testimony as to the meaning of that entry. He could have stated unequivocally that Peterson was in default. He did not take the stand to testify. Plaintiffs' evidence, not being rebutted, will be accepted as true, as it was in the district court.

The judgment appealed from is affirmed.

Affirmed.